UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Sontoya,                                                  Civil No. 14-2912 (DWF/FLN)

          Petitioner,

v.                                                                **REPORT AND RECOMMENDATION**

State of Minnesota,

          Respondent.

___

Michael Sontoya, *pro se*, for Petitioner
Peter Marker, Matthew Frank, and James Early for Respondent.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on Respondent's motion to dismiss (ECF No. 11) and Petitioner Michael Sontoya's motion for a finding that his petition was timely filed (ECF No. 16). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Petitioner's motion be **DENIED**, Respondent's motion to dismiss be **GRANTED**, and the petition be **DISMISSED with prejudice**.

### I. FINDINGS OF FACT

On May 14, 2009, Petitioner Michael Sontoya was found guilty by a Ramsey County jury of first-degree murder while committing first-degree criminal sexual conduct. *State v. Sontoya*, 788 N.W.2d 868, 870 (Minn. 2010). He was sentenced to life in prison without the possibility of release. *Id.* He appealed his conviction directly to the Minnesota Supreme Court, arguing that he was deprived of a fair trial because the medical examiner testified that the victim's injuries were due to sexual assault. *Id.* Petitioner also raised various *pro se* arguments, including that (1) his incriminating statements were made under "false pretenses"; (2) the evidence presented to the grand

jury was insufficient to indict him; (3) a family photograph of the victim that was introduced into evidence was unfairly prejudicial; (4) two members of the jury were improperly contacted by other persons during the trial; and (5) the trial judge improperly reviewed reports before the trial began. *Id.* at 874–76. The Minnesota Supreme Court affirmed his convictions in a decision dated September 16, 2010, and judgment was entered on December 14, 2010. *See* Respondent's Ex. 2, ECF No. 14. Petitioner did not petition the United States Supreme Court for a for a writ of certiorari.

Thereafter, Petitioner filed a post-conviction petition in Ramsey County on September 16, 2011. *See Sontoya v. State*, 829 N.W.2d 602, 603 (Minn. 2013); *see also* ECF No. 14, Ex. 3. Petitioner asserted that he received ineffective assistance of trial counsel because his lawyer (1) concealed a conflict of interest, and (2) failed to hire an investigator, investigate the facts of the case, provide Petitioner with access to discovery, file any pretrial motions, retain the services of a medical expert, call witnesses that were favorable to Petitioner, or object to the medical examiner's improper testimony. *See* ECF No. 14, Ex. 3. Petitioner was represented by attorney Gary R. Wolf during his post-conviction proceedings. The post-conviction court denied Petitioner's petition. *Sontoya*, 829 N.W.2d at 603. The Minnesota Supreme Court affirmed on May 1, 2013, holding that his claims were barred by *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976) (holding that claims that were raised on direct appeal, or that were known or should have been known but were not raised on direct appeal, are procedurally barred).

On July 16, 2014, Petitioner filed the present petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. Petition, ECF No. 1. Petitioner raises four grounds for relief: (1) the medical examiner provided improper opinion evidence; (2) ineffective assistance of trial counsel due to a conflict of interest; (3) ineffective assistance of trial counsel due to counsel

failing to hire an investigator, investigate the facts of the case, share discovery with Petitioner, file any pretrial motions, hire a medical expert, call favorable witnesses at trial, object to portions of the medical examiner's testimony, prepare Petitioner to testify at trial, and misleading Petitioner as to the wishes of his family regarding whether Petitioner should testify at trial; and (4) abuse of discretion by the appellate courts. *Id.* at 6–11.

In response to the petition, Respondent filed a motion to dismiss, arguing that Petitioner's claims are untimely. Mot. to Dismiss, ECF No. 11. Rather than filing a brief in opposition to the motion, Petitioner filed a motion for a finding that his petition was timely. ECF No. 16. Petitioner asserts that his petition should not be dismissed because (1) he was mislead by his counsel as to the correct date to file his habeas petition; and (2) he was in solitary confinement and did not have access to legal resources. *Id.*

## II. CONCLUSIONS OF LAW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standard that governs this Court's review of habeas corpus claims raised by state prisoners. The AEDPA established a one-year statute of limitations for habeas petitions filed by state prisoners. Specifically, the AEDPA states:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondent argues that Petitioner's petition was not filed within this statutory limitation period and his petition must therefore be dismissed. Mem. in Supp. of Mot. to Dismiss 2, ECF No. 12.

It is well-established that under § 2244 (d)(1)(A), the statute of limitations does not start running until either the date judgment becomes final by the conclusion of direct review or the date when the opportunity to seek such review expires:

> [T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998). Therefore, "'the conclusion of direct review' includes the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari." *Jihad v. Hvass*, 267 F.3d 803, 504 (8th Cir. 2011); *see also* Sup. Ct. R. 13.1.

In the present case, judgment was entered by the Minnesota Supreme Court on Petitioner's direct appeal on December 14, 2010. The limitations period in the matter was therefore triggered

4

under § 2244(d)(1)(A) on March 14, 2011—the date Petitioner's opportunity to file a certiorari petition with the United States Supreme Court expired. The clock continued running until September 16, 2011, the date Petitioner filed his petition for post-conviction relief. *See* 28 U.S.C. § 2244 (d)(2) (stating that the time during which an application for state post-conviction relief is pending is not counted toward any period of limitation); *see also Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding that the time between the date of direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period). Between March 14, 2011 and September 16, 2011, 186 days elapsed, leaving 179 days remaining of the one-year limitations period.

The Minnesota Supreme Court's decision regarding Petitioner's post-conviction petition was issued on May 1, 2013. Accordingly, the limitations period began running again on July 30, 2013—the date Petitioner's opportunity to file a certiorari petition with the United States Supreme Court expired. Thereafter, Petitioner had until January 25, 2014—179 days after July 30, 2013—to file his federal court habeas petition. However, Petitioner did not file the present petition until July 16, 2014, nearly six months past the deadline to file. Accordingly, Petitioner's petition is untimely.[1]

---

[1]
>
> While the AEDPA provides three events other than the date when the judgment became final that can trigger when the limitations period begins to run, these other events are either not applicable or they occurred prior to when judgment became final. First, Petitioner has not identified any impediment caused by the state that kept him from filing his petition. *See* 28 U.S.C. § 2244(d)(1)(B). Similarly, Petitioner has not alleged that the Supreme Court recognized a new constitutional right applicable to his claims. *Id.* § 2244(d)(1)(C). Finally, Petitioner's claims are all based on the trial record; none of his claims are based on new evidence that came to light after his trial. *Id.* § 2244(d)(1)(D). Accordingly, the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" was his trial date, which occurred prior to the date of final judgment by the Minnesota Supreme Court.

The Eighth Circuit has, however, recognized that in limited circumstances, the statute of limitations applicable to a petition for a writ of habeas corpus is subject to the doctrine of equitable tolling. *See Jihad*, 267 F.3d at 805. This doctrine "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Id.* "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

Petitioner cites two reasons why his petition should not be dismissed as untimely. First, Petitioner argues that Mr. Wolf, the attorney who represented him during his post-conviction proceedings in state court, assured Petitioner that he had until "late July" to file his *pro se* federal habeas petition. *See* Mem. in Supp. of Mot. for Petition to be Filed as Timely 1–2, ECF No. 17. Petitioner provided the Court with copies of letters and emails between Mr. Wolf and Petitioner/Petitioner's parents in support of his argument. *See* Pet'r's Exs., ECF No. 18.

On May 1, 2013, Mr. Wolf mailed Petitioner a copy of the Minnesota Supreme Court's decision affirming the denial of his petition for post-conviction relief. ECF No. 18 at 1. However, nothing in this letter mentioned the filing of a habeas petition or how long Petitioner had to file such a petition. *Id.* Indeed, it appears that Mr. Wolf did not intend to represent Petitioner in seeking federal habeas relief as the only option Mr. Wolf mentioned in the letter was the possibility of filing a petition for certiorari with the U.S. Supreme Court. *Id.* Petitioner next attaches a letter from Mr. Wolf dated April 20, 2014 indicating that he did not believe Petitioner had any grounds for relief via a federal habeas petition. *Id.* at 2–3. Mr. Wolf did, however, purport to provide Petitioner with a form to file a *pro se* petition. *Id.* Finally, Petitioner provided a string of emails between Mr. Wolf

and Lee Sontoya, beginning on May 12, 2014, where Mr. Sontoya sought clarification regarding the deadlines to file a federal habeas petition. *Id.* at 4–5. Through these emails, Mr. Wolf informed Mr. Sontoya that Petitioner had until "late July of 2014" to file the petition. *Id.*

Assuming without deciding that Mr. Wolf provided inaccurate information to Petitioner regarding when he could file his federal habeas petition, the Court nevertheless concludes that equitable tolling is not appropriate as such information was not provided to Petitioner until *after* the statute of limitations had already run. As stated above, the one-year limitations period expired on January 25, 2014. It was not until May 2014 that Petitioner was informed that he had until "late July of 2014" to file the petition. Therefore, Mr. Wolf's assurances that Petitioner had until July 2014 to file did not affect the timeliness of his petition. In any event, the Eighth Circuit has explicitly held that "counsel's confusion about the applicable statute of limitations does not warrant equitable tolling." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Accordingly, the Court concludes that Mr. Wolf's statements to Petitioner regarding the deadline to file his habeas petition do not meet the "extraordinary circumstances" outside of Petitioner's control that would justify equitable tolling of the statute of limitations.

Second, Petitioner argues that the limitations period should be tolled because he was in solitary confinement from May 3, 2013 until August 25, 2014 without access to legal resources. ECF No. 17 at 2. However, the Eighth Circuit has recognized that only "extraordinary circumstances *beyond a prisoner's control*" will justify equitable tolling. *Kreutzer*, 231 F.3d at 463 (emphasis added). While solitary confinement presents an obstacle to filing a timely habeas petition, it does not qualify as an extraordinary circumstance. Petitioner has not provided any information that indicates he was improperly placed in solitary confinement or that such confinement was due to

anything other than his own misbehavior. Accordingly, such impediment to filing a timely petition was not beyond Petitioner's control. *See, e.g.*, *Hummel v. Stewart*, 46 Fed. Appx. 521, 521–22 (9th Cir. 2002) (finding that the fact the petitioner was in solitary confinement did not entitle him to equitable tolling); *Amante v. Walker*, 268 F. Supp. 2d 154, 158 (E.D.N.Y. 2003) ("Generally, transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not by themselves qualify as extraordinary circumstances."); *Hizbullahankhamon v. Walker*, 105 F. Supp. 2d 339, 344 (S.D.N.Y. 2000) (finding that solitary confinement was not a reason to toll the statute of limitations).

Because Petitioner has not provided any "extraordinary circumstances" outside of his control that caused the untimely filing of his habeas petition, the Court concludes that equitable tolling is not appropriate. Petitioner's petition for a writ of habeas corpus is therefore untimely.

### III. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

A. Petitioner's motion for a finding that his petition was timely filed (ECF No. 16) be **DENIED**;

B. Respondent's motion to dismiss (ECF No. 11) be **GRANTED**; and

C. Petitioner's petition be **DENIED** and this action be **DISMISSED WITH PREJUDICE**.

DATED: July 23, 2015         *s/Franklin L. Noel*
                             FRANKLIN L. NOEL
                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 7, 2015**, written

objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.