## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Michael Sontoya,                                           Civil No. 14-2912 (DWF/FLN)

              Petitioner,

v.                                                              **ORDER ADOPTING REPORT**
                                                              **AND RECOMMENDATION**

State of Minnesota,

              Respondent.

This matter is before the Court upon Petitioner Michael Sontoya's ("Petitioner")

objections (Doc. No. 22)[1] to Magistrate Judge Franklin L. Noel's July 23, 2015 Report and

Recommendation (Doc. No. 20) insofar as it recommends that:   (1) Petitioner's motion for

a finding that his petition was timely filed be denied; (2) Respondent's motion to dismiss

be granted; and (3) Petitioner's petition be denied and this action be dismissed with

prejudice.   Respondent State of Minnesota filed a response to Petitioner's objections on

August 26, 2015.   (Doc. No. 28.)

The Court has conducted a *de novo* review of the record, including a review of the

arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local

Rule 72.2(b).   The factual background for the above-entitled matter is clearly and

---

[1]      Petitioner filed a "Motion for Extension of Time to File Reply to Respondents
Report and Recommendation" (Doc. No. 21), along with his objections to the Report and
Recommendation (Doc. No. 22), on August 10, 2015.   The Court considers Petitioner's
objections as if they were timely and, as a result, denies Petitioner's motion for an
extension as moot.   The Court further notes that the Court has considered Petitioner's
previous filings (*see* Doc. Nos. 2, 17, 18) and his objections (Doc. No. 22) in deciding this
motion and that further briefing by Petitioner is not necessary.

precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Petitioner's objections.

In his Report and Recommendation, Magistrate Judge Noel concluded that Petitioner had until January 25, 2014, to file his federal habeas petition, but because he did not filed his petition until July 16, 2014, nearly six months past the filing deadline, his petition is untimely.   (Doc. No. 20 at 4-5.)   Magistrate Judge Noel further concluded that equitable tolling is not appropriate in this case because Petitioner has not demonstrated any "extraordinary circumstances" outside of his control that caused the untimely filing of his petition.   (*Id.* at 6-8.)

Petitioner objects to the Magistrate Judge's Recommendation on the grounds that he was "mislead by Counsel" with respect to deadlines.   (Doc. No. 22 at 2.)   Specifically, Petitioner asserts that he was "mislead" by his attorney "much earlier than the respondents assumed date of May 2014," which was not after the filing deadline had already expired. (*Id.*)   Further, Petitioner argues that tolling is appropriate because he was "without access to legal resources."   (*Id.* at 3.)   Petitioner states that the educational unit and law library were closed due to construction for extended periods of time and that, therefore, he has sufficiently provided for "extraordinary circumstances" such that tolling is applicable. (*See id.*)

Respondent counters that the arguments found in Petitioner's objections were already addressed in the Report and Recommendation.   (Doc. No. 28 at 1.)   Specifically, Respondent states that even if Petitioner has "proven" that he was misled by his attorney

based on his attorney's error or confusion about the applicable statute of limitations, equitable tolling is still not merited because attorney confusion about the applicable statute of limitations is not grounds for equitable tolling under *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).   Respondent further argues that heightened confinement and restricted access to the law library and other related resources do not by themselves qualify as "extraordinary circumstances."

The Court agrees with the Magistrate Judge's recommendation that Petitioner's petition is untimely and that tolling is not appropriate in this case.   First, as Respondent correctly states, attorney error or confusion does not create grounds for equitable tolling in this case.   Thus, even if Petitioner's attorney gave him the wrong date at a time prior to the date the statute of limitations had run, it still would not compel equitable tolling here. Second, Petitioner has not shown the existence of other "extraordinary circumstances" outside of his control.   Even taking into account Petitioner's claim that the law library and other resources were inaccessible due to construction, Petitioner cannot show "extraordinary circumstances."   As noted by Respondent, Petitioner was able to file his petition for writ of habeas corpus while in the very type of confinement he asserts prevented him from filing.   (*See* Doc. No. 22 at 3.)   Further, heightened confinement and restricted access to the law library and other related resources do not by themselves qualify as "extraordinary circumstances."   *See Kreutzer*, 231 F.3d at 463 (stating that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").   Here, Petitioner points to no other

circumstances.   Therefore, the Court concludes, as did Magistrate Judge Noel, that equitable tolling is not appropriate.

Petitioner has also filed an "Application for Certificate of Appealability."   (*See* Doc. No. 23-1.)   Plaintiff has additionally filed a self-styled "Notice of Appeal" (Doc. No. 24) and a "Docketing Statement" (Doc. No. 25), which appear to relate to his desire to appeal this matter to the United States Court of Appeals for the Eighth Circuit.   A § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1).   A COA may only issue if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   For claims rejected on procedural grounds without reaching the underlying constitutional claims, this standard demands a showing "at least" that both, "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).   For the reasons previously outlined, reasonable jurists would not find it debatable whether the Court is correct in its procedural ruling—that is, that the statute of limitations had expired before Petitioner filed his habeas petition.   The same is true of the Court's decision with respect to equitable tolling. Therefore, the Court declines to grant a COA in this matter.

Accordingly, based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.     Petitioner Michael Sontoya's objections (Doc. No. [22]) to Magistrate Judge Franklin L. Noel's July 23, 2015 Report and Recommendation are **OVERRULED**.

2.     Magistrate Judge Franklin L. Noel's July 23, 2015 Report and Recommendation (Doc. No. [20]) is **ADOPTED**.

3.     Petitioner's motion for a finding that his petition was timely filed (Doc. No. [16]) is **DENIED**.

4.     Respondent's motion to dismiss (Doc. No. [11]) is **GRANTED**.

5.     Petitioner's Motion for Extension of Time to File Reply to (Doc. No. [21]) is **DENIED AS MOOT**.

6.     Petitioner's Application for Certificate of Appealability (Doc. No. [23]) is **DENIED**.

7.     Petitioner's petition (Doc. No. [1]) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   September 17, 2015       s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge